**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

   RAFAEL CESAR PEREZ,

             Debtor.

Case No. 26-10818-BFK
Chapter 7

**MEMORANDUM OPINION AND**
**ORDER DENYING U.S. TRUSTEE'S**
**MOTION TO DISMISS FOR ABUSE**

This matter came before the Court on June 16, 2026, on the U.S. Trustee's Motion to Dismiss this case for abuse pursuant to Bankruptcy Code Section 707(b)(1). Docket No. 13. The Debtor filed an Opposition to the Motion. Docket No. 18. For the reasons stated below, the Court will deny the Motion.

### FINDINGS OF FACT

The Court finds that the following facts are not disputed.

1.      The Debtor, Rafael Cesar Perez, filed a Voluntary Petition under Chapter 7 with this Court on April 7, 2026. Docket No. 1.

2.      The Debtor is married and lives with his spouse in Alexandria, Virginia. His spouse did not file for bankruptcy.

3.      In his Means Test form (Form 122A-1), the Debtor and his spouse reported combined monthly income of $9,700.83, or annual income of $116,409.96. Docket No. 1, p. 40. This amount is in excess of the median income for Virginia, making the Debtor an "above median" debtor for purposes of Chapter 7.

4.      In Part 2 of the Means Test, the Debtor deducted $1,400.00 for "gambling and tobacco." *Id*. p. 42.

5.      Based in part on the $1,400.00 deduction, the Debtor reported a negative monthly disposable income of ($93.84). *Id*. p. 49.

6.      In Schedule J, the Debtor listed $1,000.00 per month for his spouse's gambling, $500.00 per month for his spouse's personal debt, and $100.00 per month for his spouse's tobacco use. Docket No. 1, p. 26.

7.      After taking into account these deductions, Schedule J indicates a positive monthly net income of $1,356.00. *Id*. p. 26.

8.      The U.S. Trustee takes issue only with the $1,000.00 per month for ongoing gambling debts for the Debtor's spouse. Motion, Docket No. 13, p. 7 ("Removing the $1,000.00 per month in gambling expenses would increase the Debtor's net monthly income to $2,356.00.")

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The Means Test was adopted in 2005 as a part of the BAPCPA Amendments to the Bankruptcy Code. It was enacted "to help ensure that debtors who *can* pay creditors *do* pay them." *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 64 (2011) (quoting *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 231–232, (2010)) (emphasis in original). Section 707(b)(1) of the Code provides that the court may dismiss the case, or with the debtor's consent convert the case to Chapter 11 or Chapter 13, "if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(1) (2018). A presumption of abuse arises under

2

Section 707(b)(2) if the debtor does not meet the means test of Section 707(b)(2). *Id*. § 707(b)(2). Under Section 707(b)(3), the Court may dismiss a case if under the "totality of the circumstances," the case is an abuse. 11 U.S.C. § 707(b)(3).

The party seeking a determination that a case is abusive under Section 707(b), here the U.S. Trustee, bears the burden of proof. *In re Clark*, 2025 WL 3453611, 2025 Bankr. LEXIS 3109 (Bankr. E.D.N.C. 2025), citing *McDow v. Williams (In re Williams)*, 424 B.R. 207, 210 (Bankr. W.D. Va. 2010). Once the moving party establishes a prima facie case, the burden then shifts to the debtor to rebut that case. *Id.*

The Court will address Sections 707(b)(2) and (3), below.

## I.      Section 707(b)(2).

The Section 707(b)(2) issue of whether the Debtor can deduct his non-filing spouse's ongoing, monthly gambling debts depends on the application of what is known as the "marital adjustment." The term "current monthly income" is defined as "the average monthly income from all sources that the debtor receives." 11 U.S.C. § 101(10A)(A). Current monthly income includes "any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents." 11 U.S.C. § 101(10A)(B)(1). This last phrase gives rise to what is known as the marital adjustment.

In *In re Vollen*, the court explained that, in defining the Debtor's current monthly income:

> The key inquiry for determining the propriety of a marital adjustment on Line 19 is the extent to which a non-filing spouse's income is not regularly contributed or dedicated to the household expenses.  The statutory predicate for this marital adjustment is found in the definition of CMI, which includes "any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents."  If the non-filing spouse's income is not regularly contributed for household expenses, it should not be included in calculating a debtor's disposable income and should be "deducted" from CMI as a marital adjustment.

426 B.R. 359, 368–70 (Bankr. D. Kan. 2010) (footnotes omitted).[1]

The U.S. Trustee's Motion focuses on a single line in the Debtor's Means Test, the deduction of $1,000.00 per month in gambling expenses for the Debtor's non-filing spouse. The U.S. Trustee does not assert that the Line 21 deduction is inaccurate or overstated. If the deduction were disallowed, there would be a presumption of abuse under Section 707(b)(2), which would force the Debtor to elect between a dismissal of his case or a conversion to Chapter 13.

The Court would not allow a $1,000 per month deduction on the Means Test for ongoing gambling debts of the Debtor. Gambling expenses do not fall within any of the National or Local Standards for expenses on the Means Test. 11 U.S.C. § 707(b)(2)(A)(ii)(1). Such expenses would not be considered a special circumstance under Section 707(b)(2)(B). *In re Dowd*, 607 B.R. 833 (Bankr. E.D. Va. 2019); *In re Burdett*, 2013 WL 865575, at *4, 2013 Bankr. LEXIS 845, at 6–8 (Bankr. E.D. Va. Mar. 7, 2013). In this case, however, the debt is not the Debtor's financial obligation.[2] The gambling debts are solely those of the Debtor's spouse, just like a car payment or a credit card payment on which the Debtor's spouse is solely obligated. The gambling debts fall squarely within the marital adjustment portion of the statute, in that they are debts *other than* amounts paid "on a regular basis for the household expenses of the debtor or the debtor's dependents." 11 U.S.C. § 101(10A)(B)(1).

The Court, therefore, will deny the U.S. Trustee's Motion under Section 707(b)(2).

---

[1]  In *Vollen*, the court held that the non-debtor spouse's entertainment expenses of $20 per month were properly deducted on the means test. *Id*. at 374. Similarly, this Court allowed a marital deduction for a non-debtor spouse's gym expense of $37 per month, in *In re Paliev*, 2012 WL 3564031, at *8, 2012 Bankr. LEXIS 3801, at 23 (Bankr. E.D. Va. 2012).

[2]  In Schedule J, the Debtor stated: "They [the Debtor and his spouse] have completely separate financed [sic] and simply split the rent 50/50." Docket No. 1, p. 27. On the other hand, the Debtor does not argue that he and his spouse are not an economic unit for purposes of the Means Test. *See Johnson v. Zimmer (In re Johnson)*, 686 F.3d 224 (4th Cir. 2012); *In re Jae Hong Oh*, 2022 WL 994602, 2022 Bankr. LEXIS 910 (Bankr. E.D. Va. 2022).

4

**II.       Section 707(b)(3).**

The U.S. Trustee argues, alternatively, that the Debtor's case should be dismissed (or converted) under Section 707(b)(3). Section 707(b)(3) is more amorphous than Section 707(b)(2), in that Section 707(b)(3) requires the Court to look to the "totality of the circumstances." Under Section 707(b)(3), where the debtor passes the means test and there is no presumed abuse, the court "shall consider:"

(A)     whether the debtor filed the petition in bad faith; or

(B)     [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3)(A)–(B).

The Fourth Circuit has noted: "The means test is not conclusive, the presumption is rebuttable, and a court may still find abuse even if there is no presumption." *Calhoun v. U.S. Trustee*, 650 F.3d 338, 342 (4th Cir. 2011). *See also Goddard v. Burnett*, 173 F.4th 550, 553 (4th Cir. 2026) (holding that, for purposes of plan confirmation, compliance with the disposable income requirement of Section 1325(b) "did not immunize" the debtor from the good faith requirement of Section 1325(a)).

In *Goddard*, the Fourth Circuit described the totality of the circumstances test under Section 707(b)(3) as "broad" and "holistic." 173 F.4th at 558. In the pre-BAPCPA case of *Green v. Staples (In re Green),* the Fourth Circuit considered a motion to dismiss under the then-applicable standard of "substantial abuse" under Section 707(b) of the Code. 934 F.2d 568 (4th Cir. 1991). It held that, under Section 707(b), Bankruptcy Courts should consider the totality of the circumstances, including a debtor's ability to repay a portion of his or her debts. *Id.* at 573. The

5

Fourth Circuit identified the following factors in determining whether there was a substantial abuse:

(1)     Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

(2)     Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;

(3)     Whether the debtor's proposed family budget is excessive or unreasonable;

(4)     Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

(5)     Whether the petition was filed in good faith.

*Id.* at 572.

The Fourth Circuit held in *Calhoun* that it "need not make a determination as to the enduring applicability of the holding in *Green*." 650 F.3d at 342. Several Bankruptcy Courts in the Fourth Circuit, including this Court, have found *Green* to continue to be instructive, notwithstanding the change in Section 707 from the former "substantial abuse" test to today's standard of "abuse." *In re Clark,* 2025 WL 3453611, 2025 Bankr. LEXIS 3109 (Bankr. E.D.N.C. Dec. 1, 2025); *Alderson FCI v. Burks (In re Burks)*, 2022 WL 243929, 2022 Bankr. LEXIS 173 (Bankr. S.D. W.Va. Jan 25, 2022); *In re Campbell*, No. 15-13426-BFK, 2016 WL 4150663, at *9, 2016 Bankr. LEXIS 2804, at 25 (Bankr. E.D. Va. Aug. 3, 2016); *In re Matthews*, No. 13-10521-BFK, 2013 WL 13852221, at *8, 2013 Bankr. LEXIS 1319, at 20 (Bankr. E.D. Va. April 3, 2013); *In re Christians*, No. 12-00819-8-SWH, 2012 WL 4846538, at *3, 2012 Bankr. LEXIS 4748, at 7 (Bankr. E.D.N.C. Oct. 10, 2012); *In re Sonntag*, No. 10-1749, 2012 WL 1065482, at *3, 2012 Bankr. LEXIS 1290, at 8 (Bankr. N.D. W. Va. Mar. 28, 2012); *In re Bogart*, No. 11-19089-BFK, 2012 WL 3913093, at *2, 2012 Bankr. LEXIS 4154, at 5 (Bankr. E.D. Va. Sept. 7, 2012), *aff'd*, Case No. 1:12-cv-1195-GBL-JFA (E.D. Va. 2013); *In re Crawley*, 412 B.R. 777, 785 (Bankr. E.D.

Va. 2009) ("the court believes that the factors identified in *Green* remain relevant considerations"). Here, the Court continues to believe that the *Green* factors are useful in analyzing the issue of abuse under Section 707(b)(3).

The Court finds that, under the totality of the circumstances, this case is not an abuse. This is the Debtor's first bankruptcy filing in fifteen years.[3] He and his spouse are not living a lavish lifestyle, as far as the Court can tell (other than perhaps gambling losses of $1,000.00 a month on the spouse's part). He works as a bartender with a monthly gross income of $4,248.83. Docket No. 1, p. 23. He rents his place of residence for $2,103.00 per month (which is presumably 50% of rent in the amount of $4,200.00 per month). *Id.*, p. 25. He owns a 2018 Jeep Renegade with 100,000 miles, against which he owes $6,484.00. *Id.*, pp. 10, 16. He doesn't own a boat, a second vehicle or a motorcycle. He had $1,400 in cash when he filed. *Id.*, p. 12. He owes the IRS $10,000.00, and the rest of his creditors approximately $27,760.00. *Id.*, pp. 17, 20. The Debtor also is not deducting any voluntary contributions for a 401(k) or other retirement plan. *Id.*, p. 24.

Admittedly, the Debtor would have the ability to repay his creditors in full if he were able to devote an additional $1,000.00 per month, or $12,000.00 per year, to a 60-month Chapter 13 Plan. However, there is no evidence that the Debtor could force his spouse to stop gambling (a legal and nearly ubiquitous activity now in the United States).

On balance, the Court concludes that the U.S. Trustee has not met his burden to demonstrate that the Debtor's bankruptcy case is an abuse under the totality of the circumstances test of Section 707(b)(3).

---

[3] The Debtor received a Chapter 7 discharge in January 2012. Case No. 11-16947-BFK.

7

**CONCLUSION**

It is therefore **ORDERED**:

1.      The U.S. Trustee's Motion is **DENIED.**

2.      The Clerk will mail copies of this Order, or will provide CM-ECF notice of its entry,

to the parties below.

Date: Jul 31 2026

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: July 31, 2026

Copies to:

Rafael Cesar Perez
5 Swifts Alley
Alexandria, VA 22314
*Chapter 7 Debtor*

Robert Sergio Brandt
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel for Chapter 7 Debtor*

Kevin R. McCarthy
McCarthy & White, PLLC
8508 Rehoboth Ct.
Vienna, VA 22182
*Chapter 7 Trustee*

Michael T. Freeman
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee's Office*